UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| John A. Bryant, Jr., | ) | Civil Action No.: 0:16-cv-3927-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Taylor B. Stone, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brings this legal malpractice action against the criminal defense lawyer who represented Plaintiff on federal drug charges in Virginia. Plaintiff, previously incarcerated in Oklahoma, is currently incarcerated at FCC Allenwood in White Deer, Pennsylvania.[1]

This matter comes before the court with the Report and Recommendation [ECF No. 24] of Magistrate Judge Paige J. Gossett filed on February 28, 2017.[2] The Magistrate Judge recommended summary dismissal of Plaintiff's complaint for lack of subject matter jurisdiction based solely on the issue of diversity jurisdiction and Plaintiff's domicile. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on May 22, 2017.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This case was filed in the District of South Carolina because Plaintiff was previously incarcerated at FCI Edgefield in Edgefield, South Carolina when the case was filed.

[2] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 73.02(B)(2).

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommended summary dismissal based on a lack of subject matter jurisdiction.  Specifically, the Magistrate Judge found that federal question jurisdiction under 28 U.S.C. § 1331 was lacking because the Amended Complaint simply alleged a state law legal malpractice claim.  *See Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996).  The Magistrate Judge also found that diversity jurisdiction was lacking under 28 U.S.C. § 1332 based on Plaintiff's domicile prior to his incarceration.  Defendant resides in Virginia and Plaintiff resided in Virginia prior to his incarceration.  Thus, the Magistrate Judge found there was not diversity of citizenship.  The Magistrate Judge did not question the amount in controversy as Plaintiff seeks $125,000.00 in

2

damages. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation (R&R) arguing the requirements of diversity jurisdiction are satisfied because Plaintiff intends to acquire a new domicile in Georgia with his father when he is released from prison.

For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250–51 (8th Cir.1977); *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (Table). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" *Jones*, 552 F.2d at 251 (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir.1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *Roberts*, 956 F.2d at 1163.

Plaintiff's Amended Complaint alleges that his residence at the time of his arrest was located in Virginia but he plans to relocate to Georgia to care for his ill father when he is released. [Amended Complaint, ECF No. 18-2 at 2-3]. Plaintiff attached a sworn declaration to his objections in which states that he has changed his citizenship and domicile to Carrollton, Georgia with his father. [ECF No. 39-2]. Plaintiff also attached a declaration from his father, John Bryant, Sr., confirming Plaintiff's new domicile and address to be in Carrollton, Georgia.

At this stage of the case, the Court finds that Plaintiff has alleged facts sufficient to raise a substantial question as to his intent to acquire a new domicile in the state of Georgia. Plaintiff's father resides in Georgia and has indicated that Plaintiff will reside with him upon his release from prison. This is not a situation where an inmate is claiming his state of incarceration as his new domicile based solely on his own self-serving statements. Plaintiff has alleged exceptional

3

circumstances and offers more than his own unsubstantiated declaration to rebut the presumption that his domicile remains in Virginia, which was his state of residence prior to his incarceration.[3] Plaintiff's Amended Complaint satisfies the standard set forth in *Roberts* and should not be summarily dismissed for lack of subject matter jurisdiction. Accordingly, the Court respectfully rejects the Magistrate Judge's R&R and recommits this matter to the Magistrate Judge for an Order authorizing issuance and service of process.

Although this matter had not been authorized for service, Defendant entered a limited appearance and filed motions to dismiss [ECF Nos. 4 & 21] challenging personal jurisdiction and venue among other things. Defendant's motions to dismiss, which appear to have merit,[4] were prematurely filed as this case has yet to be served. Defendant's motions to dismiss are denied without prejudice with permission to refile once Defendant has been served with a Summons and Amended Complaint.

## Conclusion

For the reasons stated above, the Court respectfully rejects the Report and Recommendation [ECF No. 24] of the Magistrate Judge. This matter is recommitted to the Magistrate Judge for an Order authorizing issuance and service of process.

Defendant's [ECF Nos. 4 & 21] motions to dismiss are **DENIED without prejudice** with leave to refile.

---

[3] Plaintiff's argument that his pre-incarceration domicile was North Carolina is without merit and is contrary to the facts alleged in his Amended Complaint.

[4] South Carolina does not appear to have any connection with this matter. Plaintiff has been transferred to Pennsylvania and Defendant appears to practice law in Richmond, Virginia. It would appear that after service of process, the matter should probably be transferred to a division in the Eastern District of Virginia.

**IT IS SO ORDERED**.

June 26, 2017                                                       s/ R. Bryan Harwell  
Florence, South Carolina                          R. Bryan Harwell  
                                                                         United States District Judge