IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John A. Bryant, Jr., | C/A No. 0:16-3927-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Taylor B. Stone, | |
| Defendant. | |

The plaintiff, John A. Bryant, Jr., a self-represented federal prisoner, filed this legal malpractice action against the defendant, Taylor B. Stone. Plaintiff files this action *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to dismiss, (ECF No. 51), and Plaintiff's motion to transfer venue. (ECF No. 69.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 52.) Defendant filed a response to Plaintiff's motion to transfer venue. (ECF No. 73.) Having reviewed the record presented and the applicable law, the court finds Defendant's motion should be denied, and Plaintiff's motion to transfer venue should be granted.

**BACKGROUND**

Plaintiff is a federal prisoner currently housed in the Federal Correctional Institution Allenwood in White Deer, Pennsylvania.[1] He brings this legal malpractice action against Defendant

---

[1] At the time he filed this case, Plaintiff was housed in the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 18-2 at 2.)

Taylor B. Stone, his former attorney, who was appointed to represent Plaintiff in his defense of federal drug charges in Virginia in 2010. (Am. Compl., ECF No. 18-2 at 1, 5.) Plaintiff indicates he entered a plea agreement on September 2, 2010, and was sentenced to 169 months' imprisonment on February 4, 2011. (Id. at 5.) Plaintiff alleges Defendant was negligent in failing to discover facts about Plaintiff's case and failed to follow procedures that would have protected Plaintiff's rights under the plea agreement. (Id. at 3.) Plaintiff further alleges that despite his instructions to do so, Defendant failed to withdraw from the plea and failed to file an appeal of Plaintiff's conviction and sentence. (Id. at 5.)

Defendant now moves to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) for a lack of personal jurisdiction and improper venue. Alternatively, Defendant moves to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to file an expert affidavit pursuant to S.C. Code Ann. § 15-36-100. Also, Plaintiff moves to transfer venue to the United States District Court for the Eastern District of Virginia.

**DISCUSSION**

Initially, the court observes that it lacks personal jurisdiction over Defendant and that venue is improper in this district. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law under Federal Rule of Civil Procedure 4(k)(1)(A). Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997)). "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Id. (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.

PJG

2001)). South Carolina's long-arm statute has been held to extend jurisdiction "to the outer limits" of due process, Fed. Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n.2 (4th Cir. 1989); therefore, the court can proceed directly to the question of whether exercising personal jurisdiction over the defendant is constitutionally permissible. ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012).

This due process analysis differs depending on whether the personal jurisdiction is based on general or specific jurisdiction. Where a matter "does not arise out of the defendant's activities in the forum state, the court must exercise general jurisdiction[,] and the requisite minimum contacts between the defendant and the forum state are fairly extensive." Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993) (internal quotations omitted). Here, Plaintiff's claim arises out of Defendant's representation of Plaintiff in a criminal matter in Virginia. Therefore, this matter does not arise out of Defendant's activities in the forum state. See Nichols, 991 F.2d at 1199. Accordingly, the court must determine whether Defendant's contacts are "continuous and systematic" such that he would expect to be subject to suit on any claim in that forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Defendant swears, and Plaintiff does not contest, that he is a resident of Virginia, currently domiciled in Virginia, and practices law in Virginia. (Stone Aff. ¶¶ 3-4, ECF No. 51-2 at 1.) Defendant also swears that he has never practiced law in South Carolina, never advertised his practice in South Carolina, and does not lease or own property in South Carolina. (Id. ¶¶ 7, 12, ECF No. 51-2 at 1-2.) Moreover, Plaintiff fails to put forward any facts or evidence that would show Defendant has any connection to this district, as is his burden. See Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)). Seeing no contacts between Defendant and this

district, much less "continuous and systematic" contacts, the court finds it lacks personal jurisdiction over Defendant.

The court also finds that venue for this matter is improper in this district. The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Here, Defendant correctly points out that this district is not the proper venue for this matter. The only connection between this district and this matter is that Plaintiff was housed at a federal prison within this district at the time he filed the original complaint, (Compl., ECF No. 1 at 2), but he has since been transferred to a facility in Pennsylvania, (ECF No. 35). And neither party appears to reside or conduct business in this district, nor did any of the events giving rise to Plaintiff's claim occur in this district. (Stone Aff., ECF No. 51-2.)

Finding that the court lacks personal jurisdiction over Defendant and that venue is improper in this district, the court may either dismiss the action pursuant to Rule 12(b)(2) and (3), or transfer the matter to the proper venue. The court finds that in the interest of justice, this matter should be transferred to the United States District Court for the Eastern District of Virginia.

Where a matter is filed in the wrong district, the court shall dismiss the matter, or, if it be in the interest of justice, transfer the matter to a district in which it could have been brought. 28 U.S.C. § 1406. In considering whether a transfer is in the interest of justice, courts in this circuit consider:

(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice. Trs. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015) (analyzing "interest of justice" under 28 U.S.C. § 1404(a)).[2] The court may transfer the matter even where personal jurisdiction over the defendant is lacking. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); In re Carefirst of Md., Inc., 305 F.3d 253, 256 (4th Cir. 2002).

Transfer, rather than dismissal, is the more just and favorable outcome here because the parties would reach the merits of this matter faster and with less cost than if Plaintiff had to refile the matter in a new forum. Also, both parties appear to agree that venue in this matter is proper in the Eastern District of Virginia. (ECF No. 69 at 1; ECF No. 73 at 2.) Further, Plaintiff's status as a *pro se* litigant counsels against the court punishing him for mistakenly filing this matter in the wrong venue, especially in the absence of evidence of ill intent in filing the matter here, because dismissal would be a harsh result. See Bond v. ATSI/Jacksonville Job Corps Ctr., 971 F. Supp. 2d 33, 36 (D.D.C. 2013).

---

[2] The standard for determining "interests of justice" is the same under § 1406(a) as it is under § 1404(a) (allowing transfer for the convenience of the parties and witnesses). Nichols, 991 F.2d at 1201 n.5; Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. June 17, 2004); Affinity Memory & Micro, Inc. v. K & Q Enters., Inc., 20 F. Supp. 2d 948, 954 n.12 (E.D. Va. 1998).

*PJG*

**RECOMMENDATION**

Based on the foregoing, the court recommends Plaintiff's motion be granted and this matter be transferred to the United States District Court for the Eastern District of Virginia. Defendant's motion to dismiss should be denied without prejudice to refile.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).